# EXHIBIT 1

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR KING COUNTY AT KENT

| | |
|---|---|
| SUNDAY TOLLEFSON, a single woman,<br><br>                    Plaintiff,<br><br>         v.<br><br>MICROSOFT CORPORATION, a Washington State For-Profit Corporation, **and SUDEV MUTHYA, Individually and as a Manager of Microsoft, and JOHN DOE #1, Individually.**<br><br>                    **Defendants**. | Cause No. 18-2-22507-8<br><br>**FIRST AMENDED COMPLAINT** |

I.   PARTIES

1.1   Plaintiff, Sunday Tollefson, is an individual residing in Bellevue, King County, State of Washington.

1.2   Defendant, Microsoft Corporation, is a corporation duly formed under the laws of the State of Washington, and its principle place of business is located at One Microsoft Way, Redmond, King County, Washington.

1.3   **Defendant, Sudev Muthya, is an individual residing in Bellevue, King County, Washington, and at all times relevant hereto was a Manager at Microsoft Corporation.**

**FIRST AMENDED** COMPLAINT FOR DAMAGES –
Page 1
Cause No. 18-2-22507-8

1.4   **Defendant, John Doe #1, is an individual residing in King County, Washington, and at all times relevant hereto was an employee at Microsoft Corporation.**

## II.   JURISDICTION AND VENUE

2.1   All or a substantial portion of the facts complained of herein occurred in King County, Washington.

2.2   At all times relevant to this Complaint, Microsoft Corporation conducted business in King County, Washington**, and defendants Sudev Muthya and John Doe #1 resided and/or were employed at Microsoft Corporation in King County, Washington**.

2.3   Plaintiff has exhausted her administrative remedies by filing a complaint with the Washington State Human Rights Commission and the U.S. Equal Employment Opportunity Commission on September 3, 2015. The complaint was investigated by the WSHRC until it transferred the complaint to the EEOC for further investigation on March 19, 2018. On June 11, 2018, the EEOC issued a Notice of Right to Sue in favor of Plaintiff and this Complaint is properly filed within ninety (90) days of the issuance of the Notice of Right to Sue.

2.4   Jurisdiction and venue in this court are, therefore, proper.

## III.   FACTUAL ALLEGATIONS

3.1   Defendant Microsoft Corporation employs more than 35,000 employees in Washington State.

3.2   Tollefson holds a Master's in Business Administration from Carnegie Mellon University and was hired by Microsoft on September 3, 2013, Business Program Manager in Microsoft's Marketing & Operations (M&O) organization, within M&O's Worldwide Incentive Compensation (WWIC) team; Defendant knew it was a "stretch" position outside of Tollefson's prior experience, but she accepted the position after being assured she would soon be transferred to a more appropriate position.

3.3   Tollefson's direct supervisor was Sudev Muthya. She was interviewed and hired, however, by Chris Morhardt, who managed Mr. Muthya and was Tollefson's "skip-level" manager.

**FIRST AMENDED** COMPLAINT FOR DAMAGES –
Page 2
Cause No. 18-2-22507-8

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

3.4     At the time she was hired, Tollefson had two female coworkers. Shortly after Muthya was hired, both of these female coworkers left the group on account of Muthya's aggressive and misogynistic management. Another female was not hired into the group until nearly a year later.

3.5     On or about July 2014, at a company-sponsored event, a colleague, **JOHN DOE #1,** aggressively grabbed Tollefson by the neck and "shoved his tongue down [her] throat." She reported this assault to Eunice Lunde (Human Resources). Her report was investigated, her complaint was substantiated, and she was told that the employee was disciplined for "unwanted physical contact." Microsoft did not offer any services to help her cope with this event.

3.6     During Tollefson's tenure at Microsoft, she was constantly berated and belittled by Muthya when her male coworkers were not subjected to such harsh treatment. She was not permitted the same latitude to conduct meetings from home as male employees, she was criticized when, as a single mother, she was criticized when she had to miss work to care for her son when he was ill or had extra-curricular activities, but male employees were not criticized for taking time off for their childrens' sports events, illnesses or activities, she was given approval to maintain hours that allowed her to use the Connector bus from her Bothell home, and then was punished for not attending meetings when she used that service, and more.

3.7     Tollefson was treated even more harshly after reporting the sexual assault described in ¶ 3.4 above.

3.8     Muthya subjected Tollefson to unfair and even false employment reviews, and finally – without mentioning it or drawing it to her attention – "checked a box" indicating that Tollefson had provided "insufficient results." Tollefson was not aware that a box had been falsely and maliciously checked by Muthya, and that this communicated to HR and higher management that "she had delivered an unacceptable level of performance for the role in the

**FIRST AMENDED** COMPLAINT FOR DAMAGES –
Page 3
Cause No. 18-2-22507-8

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

prior several months and that her performance required immediate, significant, and sustained improvement" (which she disputes).

3.9   Muthya's evaluations and management of Tollefson's performance were false, derogatory and intended to "manage her out" of her job and cause her termination when he knew or should have known that no "cause" existed; at all times relevant to this Complaint, Tollefson capably, competently and enthusiastically performed her job duties.

3.10   Tollefson's job performance is irrelevant to whether she suffered harassment, discrimination and/or retaliation on account of her sex/gender or marital status.

3.11   As a result of her sexual assault and the harassing and demeaning treatment she received from Muthya, and his false performance evaluations, Tollefson sustained financial loss, suffered severe emotional distress, and was ultimately terminated from her position with Microsoft.

3.12   Tollefson's employment was terminated by Microsoft on March 3, 2015, with the qualifier that she was "ineligible for rehire" in any capacity, forever:

"In terms of 'ineligible for rehire':

- Ineligible for future regular Microsoft employment (in any capacity)
- Ineligible for future assignment as an agency temporary worker at Microsoft
- Ineligible to work at Microsoft or have access to the Microsoft network as a vendor or contractor or as an employee of a vendor or contractor"

3.13   The terms of her termination have unduly limited prospects for future employment and have damaged her reputation in the marketplace, particularly by preventing her from working for a large class of employers.

## IV.   CAUSES OF ACTION

### A.   FIRST CAUSE OF ACTION: GENDER DISCRIMINATION

4.1   Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 3.12 as if set forth here in full.

**FIRST AMENDED** COMPLAINT FOR DAMAGES –
Page 4
Cause No. 18-2-22507-8

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

4.2     Defendant knew or should have known that Muthya was engaging in severe and pervasive harassment of Plaintiff on account of her sex and gender, creating a hostile environment for her and other female employees.

4.3     Defendant knew or should have known that Muthya fabricated her employment evaluations and reviews that led to termination of her employment.

4.3     Defendant, the actions of its Manager, Sudev Muthya, treated Plaintiff in a disparate manner from male employees, and her gender/sex was a substantial motivating factor in that treatment

4.3     These actions alleged herein violated RCW 49.60, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees and actual costs of litigation.

4.4     The actions complained of herein violated Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, codified at 42 USC § 2000e, *et seq.,* entitling Plaintiff to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

V.     SECOND CAUSE OF ACTION – WRONGFUL TERMINATION

5.1     Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 4.4 as if set forth here in full.

5.2     Defendant, by the actions of its Manager, Sudev Muthya, falsely evaluated Plaintiff's performance, leading to her termination and ban from any employment with Defendant, directly or indirectly, *ad infinitum*.

5.3     These actions alleged herein violated RCW 49.60, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees and actual costs of litigation.

5.4     The actions complained of herein violated Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, codified at 42 USC § 2000e, *et seq.,* entitling Plaintiff to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

//

**FIRST AMENDED** COMPLAINT FOR DAMAGES –
Page 5
Cause No. 18-2-22507-8

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

VI. THIRD CAUSE OF ACTION – MARITAL STATUS DISCRIMINATION

6.1 Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 5.4 as if set forth here in full.

6.2 Defendant, by the actions of its Manager Muthya, evaluated Plaintiff more harshly than married employees with children, unfairly afforded married employees with children opportunities and resources that she was denied, and unfairly accused Plaintiff of having inadequate commitment to Defendant when she had to care for her child in emergencies, all on account of her status as a female single mother.

6.3 These actions alleged herein violated RCW 49.60, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees and actual costs of litigation.

6.4 The actions complained of herein violated Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, codified at 42 USC § 2000e, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

VII. FOURTH CAUSE OF ACTION – HOSTILE WORK ENVIRONMENT

7.1 Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 6.4 as if set forth here in full.

7.2 Plaintiff was intentionally subjected to a toxic and hostile work environment based on her sex, gender and/or marital status (unmarried single mother) that was intended to and did cause her severe emotional distress, thereby entitling her to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

VIII. FIFTH CAUSE OF ACTION – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

8.1 Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 7.2 as if set forth here in full.

//

//

**FIRST AMENDED** COMPLAINT FOR DAMAGES –
Page 6
Cause No. 18-2-22507-8

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

8.2     Plaintiff was terminated from employment in contravention of public policies prohibiting sex, gender and marital status discrimination, thereby entitling her to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

IX.     **CAUSES OF ACTION AGAINST INDIVIDUAL DEFENDANTS MUTHYA AND DOE.**

9.1     Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 8.2 as if set forth here in full.

9.2     The actions alleged herein against defendant Muthya constitute tortious interference with a business expectancy.

9.3     Defendant Muthya is jointly and severally liable for violations of state and federal statutes and common law claims alleged against Microsoft Corporation herein.

9.4     The actions alleged herein committed by defendant John Doe #1 constitute the torts of assault, battery, and or sexual assault.

9.5     Plaintiff was damaged by the actions of defendant Muthya and is entitled to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

9.6     Plaintiff was damaged by the actions of defendant Doe #1 and is entitled to recovery of general and special damages and taxable costs and fees pursuant to state law.

X.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.  Total damages in excess of the jurisdictional limits of the court;

B.  Damages for back pay and benefits lost and for future pay and benefits lost;

C.  Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

D.  Prejudgment interest in an amount to be determined at trial;

E.  Compensation for any tax penalty associated with a recovery of damages;

F.  Reasonable prevailing party attorney's fees and actual costs of litigation;

**FIRST AMENDED** COMPLAINT FOR DAMAGES –
Page 7
Cause No. 18-2-22507-8

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

G. Taxable costs and fees otherwise recoverable by statute or court rule; and

H. Any and all other relief to which the court may find her entitled.

Respectfully submitted this Monday, November 05, 2018.

                LUHN LAW, PLLC

By: *s/ Gail M. Luhn*
     GAIL M. LUHN, WSBA #27104
     Attorney for Plaintiff, Sunday Tollefson

**FIRST AMENDED** COMPLAINT FOR DAMAGES –
Page 8
Cause No. 18-2-22507-8

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA 98105
Tel: (206) 569-0071 Fax: (206) 569-0072

FILED
18 SEP 10 PM 1:22

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-22507-8 SEA

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR KING COUNTY AT KENT

| | |
|---|---|
| SUNDAY TOLLEFSON, a single woman, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington State For-Profit Corporation, <br><br> Defendant. | Cause No. <br><br> COMPLAINT FOR DAMAGES |

## I.  PARTIES

1.1    Plaintiff, Sunday Tollefson, is an individual residing in Bellevue, King County, State of Washington.

1.2    Defendant, Microsoft Corporation, is a corporation duly formed under the laws of the State of Washington, and its principle place of business is located at One Microsoft Way, Redmond, King County, Washington.

## II.  JURISDICTION AND VENUE

2.1    All or a substantial portion of the facts complained of herein occurred in King County, Washington.

2.2    At all times relevant to this Complaint, Microsoft Corporation conducted business in King County, Washington.

COMPLAINT FOR DAMAGES – Page 1
Cause No.

LUHN LAW PLLC
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

2.3     Plaintiff has exhausted her administrative remedies by filing a complaint with the Washington State Human Rights Commission and the U.S. Equal Employment Opportunity Commission on September 3, 2015. The complaint was investigated by the WSHRC until it transferred the complaint to the EEOC for further investigation on March 19, 2018. On June 11, 2018, the EEOC issued a Notice of Right to Sue in favor of Plaintiff and this Complaint is properly filed within ninety (90) days of the issuance of the Notice of Right to Sue.

2.4     Jurisdiction and venue in this court are, therefore, proper.

### III.     FACTUAL ALLEGATIONS

3.1     Defendant Microsoft Corporation employs more than 35,000 employees in Washington State.

3.2     Tollefson holds a Master's in Business Administration from Carnegie Mellon University and was hired by Microsoft on September 3, 2013, Business Program Manager in Microsoft's Marketing & Operations (M&O) organization, within M&O's Worldwide Incentive Compensation (WWIC) team; Defendant knew it was a "stretch" position outside of Tollefson's prior experience, but she accepted the position after being assured she would soon be transferred to a more appropriate position.

3.3     Tollefson's direct supervisor was Sudev Muthya. She was interviewed and hired, however, by Chris Morhardt, who managed Mr. Muthya and was Tollefson's "skip-level" manager.

3.4     At the time she was hired, Tollefson had two female coworkers. Shortly after Muthya was hired, both of these female coworkers left the group on account of Muthya's aggressive and misogynistic management. Another female was not hired into the group until nearly a year later.

3.5     On or about July 2014, at a company-sponsored event, a colleague aggressively grabbed Tollefson by the neck and "shoved his tongue down [her] throat." She reported this assault to Eunice Lunde (Human Resources). Her report was investigated, her complaint was

COMPLAINT FOR DAMAGES – Page 2
Cause No.

LUHN LAW PLLC
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

substantiated, and she was told that the employee was disciplined for "unwanted physical contact." Microsoft did not offer any services to help her cope with this event.

3.6   During Tollefson's tenure at Microsoft, she was constantly berated and belittled by Muthya when her male coworkers were not subjected to such harsh treatment. She was not permitted the same latitude to conduct meetings from home as male employees, she was criticized when, as a single mother, she was criticized when she had to miss work to care for her son when he was ill or had extra-curricular activities, but male employees were not criticized for taking time off for their childrens' sports events, illnesses or activities, she was given approval to maintain hours that allowed her to use the Connector bus from her Bothell home, and then was punished for not attending meetings when she used that service, and more.

3.7   Tollefson was treated even more harshly after reporting the sexual assault described in ¶ 3.4 above.

3.8   Muthya subjected Tollefson to unfair and even false employment reviews, and finally – without mentioning it or drawing it to her attention – "checked a box" indicating that Tollefson had provided "insufficient results." Tollefson was not aware that a box had been falsely and maliciously checked by Muthya, and that this communicated to HR and higher management that "she had delivered an unacceptable level of performance for the role in the prior several months and that her performance required immediate, significant, and sustained improvement" (which she disputes).

3.9   Muthya's evaluations and management of Tollefson's performance were false, derogatory and intended to "manage her out" of her job and cause her termination when he knew or should have known that no "cause" existed; at all times relevant to this Complaint, Tollefson capably, competently and enthusiastically performed her job duties.

3.10   Tollefson's job performance is irrelevant to whether she suffered harassment, discrimination and/or retaliation on account of her sex/gender or marital status.

//

COMPLAINT FOR DAMAGES – Page 3
Cause No.

LUHN LAW PLLC
4500 9th Ave NE, Suite 300
Seattle, WA 98105
Tel: (206) 569-0071 Fax: (206) 569-0072

3.11   As a result of her sexual assault and the harassing and demeaning treatment she received from Muthya, and his false performance evaluations, Tollefson sustained financial loss, suffered severe emotional distress, and was ultimately terminated from her position with Microsoft.

3.12   Tollefson's employment was terminated by Microsoft on March 3, 2015, with the qualifier that she was "ineligible for rehire" in any capacity, forever:

"In terms of 'ineligible for rehire':

- Ineligible for future regular Microsoft employment (in any capacity)
- Ineligible for future assignment as an agency temporary worker at Microsoft
- Ineligible to work at Microsoft or have access to the Microsoft network as a vendor or contractor or as an employee of a vendor or contractor"

3.13   The terms of her termination have unduly limited prospects for future employment and have damaged her reputation in the marketplace, particularly by preventing her from working for a large class of employers.

## IV.   CAUSES OF ACTION

### A.   FIRST CAUSE OF ACTION: GENDER DISCRIMINATION

4.1   Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 3.12 as if set forth here in full.

4.2   Defendant knew or should have known that Muthya was engaging in severe and pervasive harassment of Plaintiff on account of her sex and gender, creating a hostile environment for her and other female employees.

4.3   Defendant knew or should have known that Muthya fabricated her employment evaluations and reviews that led to termination of her employment.

4.3   Defendant, the actions of its Manager, Sudev Muthya, treated Plaintiff in a disparate manner from male employees, and her gender/sex was a substantial motivating factor in that treatment

COMPLAINT FOR DAMAGES – Page 4
Cause No.

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

4.3     These actions alleged herein violated RCW 49.60, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees and actual costs of litigation.

4.4     The actions complained of herein violated Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, codified at 42 USC § 2000e, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

V.     SECOND CAUSE OF ACTION – WRONGFUL TERMINATION

5.1     Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 4.4 as if set forth here in full.

5.2     Defendant, by the actions of its Manager, Sudev Muthya, falsely evaluated Plaintiff's performance, leading to her termination and ban from any employment with Defendant, directly or indirectly, *ad infinitum*.

5.3     These actions alleged herein violated RCW 49.60, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees and actual costs of litigation.

5.4     The actions complained of herein violated Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, codified at 42 USC § 2000e, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

VI.     THIRD CAUSE OF ACTION – MARITAL STATUS DISCRIMINATION

6.1     Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 5.4 as if set forth here in full.

6.2     Defendant, by the actions of its Manager Muthya, evaluated Plaintiff more harshly than married employees with children, unfairly afforded married employees with children opportunities and resources that she was denied, and unfairly accused Plaintiff of having inadequate commitment to Defendant when she had to care for her child in emergencies, all on account of her status as a female single mother.

COMPLAINT FOR DAMAGES – Page 5
Cause No.

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

6.3     These actions alleged herein violated RCW 49.60, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees and actual costs of litigation.

6.4     The actions complained of herein violated Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, codified at 42 USC § 2000e, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

### VII.     FOURTH CAUSE OF ACTION – HOSTILE WORK ENVIRONMENT

7.1     Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 6.4 as if set forth here in full.

7.2     Plaintiff was intentionally subjected to a toxic and hostile work environment based on her sex, gender and/or marital status (unmarried single mother) that was intended to and did cause her severe emotional distress, thereby entitling her to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

### VIII.     FIFTH CAUSE OF ACTION – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

8.1     Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 7.2 as if set forth here in full.

8.2     Plaintiff was terminated from employment in contravention of public policies prohibiting sex, gender and marital status discrimination, thereby entitling her to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

### IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. Total damages in excess of the jurisdictional limits of the court;

B. Damages for back pay and benefits lost and for future pay and benefits lost;

C. Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

D. Prejudgment interest in an amount to be determined at trial;

COMPLAINT FOR DAMAGES – Page 6
Cause No.

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

E.  Compensation for any tax penalty associated with a recovery of damages;

F.  Reasonable prevailing party attorney's fees and actual costs of litigation;

G.  Taxable costs and fees otherwise recoverable by statute or court rule; and

H.  Any and all other relief to which the court may find her entitled.

Respectfully submitted this Monday, September 10, 2018.

LUHN LAW, PLLC

By:  *s/ Gail M. Luhn*
GAIL M. LUHN, WSBA #27104
Attorney for Plaintiff, Sunday Tollefson

COMPLAINT FOR DAMAGES – Page 7
Cause No.

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072