# EXHIBIT 1

The Honorable Timothy A. Bradshaw

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| SUNDAY TOLLEFSON, | |
| Plaintiff, | No. 18-2-22507-8 |
| v. | **NOTICE TO ADVERSE PARTY AND STATE COURT OF FILING NOTICE OF REMOVAL IN FEDERAL COURT** |
| MICROSOFT CORPORATION, SUDEV MUTHYA, AND JOHN DOE #1 | |
| Defendants. | |

TO:  King County Superior Court Clerk
AND TO:  Sunday Tollefson, by and through her attorney, Gail L. Luhn

Pursuant to 28 U.S.C. §1446(d), Defendant hereby gives notice that on November 6, 2018, it filed a Notice of Removal in the United States District Court for the Western District of Washington.  A true and correct copy of the Notice of Removal (with exhibits) is attached hereto as Exhibit A.

The State Court shall proceed no further.

DATED this 6th day of November, 2018.

WINTERBAUER & DIAMOND PLLC

s/ Kenneth J. Diamond
Kenneth J. Diamond, WSBA #27009
Attorneys for Defendant
Microsoft Corporation

NOTICE OF FILING NOTICE OF REMOVAL - 1

# EXHIBIT A

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

SUNDAY TOLLEFSON,

10
                                    Plaintiff,

11
        v.

12
MICROSOFT CORPORATION, SUDEV
13
MUTHYA, AND JOHN DOE #1,

14
                                    Defendants.

15

No. 2:18-cv-01617

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §1441(a) (FEDERAL
QUESTION)**

16

17

18

19

TO:  THE CLERK OF THE ABOVE-ENTITLED COURT:

        Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Microsoft Corporation ("Microsoft") hereby removes to this Court the state court action described below, and provides the following information in support of its removal.

20

**STATEMENT OF THE CASE**

21

22

23

24

        1.        On September 10, 2018, an action entitled *Sunday Tollefson v. Microsoft Corporation*, Cause No. 18-2-22507-8 (the "State Court Action"), was filed in the Superior Court of the State of Washington for King County.  Microsoft was not served with the Summons and Complaint.  Declaration of Kenneth J. Diamond ("Diamond Decl.") at ¶2.

WINTERBAUER & DIAMOND PLLC

NOTICE OF REMOVAL - 1
No. 2:18-cv-01617

2.      On October 9, 2018, Microsoft's counsel advised Plaintiff's counsel that he was authorized by Microsoft to accept service of the Summons and Complaint for Microsoft. *Id.* at ¶3.

3.      On October 22, 2018, Plaintiff's counsel sent Microsoft's counsel the Summons and Complaint, together with a declaration to be signed acknowledging receipt and acceptance of service of process on Microsoft's behalf and as authorized by Microsoft.  *Id.* at ¶4.

4.      On November 5, 2018, Plaintiff filed an Amended Complaint and Plaintiff's counsel forwarded a copy to Microsoft's counsel via email.  *Id.* at ¶5.  The Amended Complaint adds two individual defendants (one by name and the other as John Doe #1) but no new claims against Microsoft.  To Microsoft's knowledge, neither individual defendant has been served with the summons and complaint.  *Id.*

5.      On November 5, 2018, Microsoft's counsel signed and returned to Plaintiff's counsel the declaration referenced in paragraph 3, above.  *Id.* at ¶6.

6.      Pursuant to LCR 101(b), a true and correct copy of the Complaint and Amended Complaint are attached as Exhibit 1 hereto.

7.      Both the Complaint and the First Amended Complaint assert federal and state causes of action, including gender discrimination in violation of 42 U.S.C. § 2000e, *et seq.*

## FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

8.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 because the Complaint and Amended Complaint on their face state a federal question arising under 42 U.S.C. § 2000e, *et seq.*

9.      This Court has jurisdiction over the state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. §1367(a), as they are so related to the federal claim as

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440

to form part of the same case or controversy.

10.    To the extent that any claims alleged in the Complaint or Amended Complaint may not be subject to original or supplemental jurisdiction under 28 U.S.C. §§1331 and 1367(a), they are removable under 28 U.S.C. §1441(c).

## PROCEDURAL REQUIREMENTS

### A.    Timeliness.

11.    Microsoft accepted service of the Summons and Complaint on November 5, 2018 through its counsel.  Diamond Decl. at ¶6.  This Notice of Removal is filed within 30 days of that date.  Removal is therefore timely in accordance with 28 U.S.C. §1446(b).  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999); *McLeod v. AMICA General Agency*, No. C15-839RAJ, 2015 WL 13145350, at *3 (W.D. Wash. Oct. 29, 2015)("Service was only properly waived (and therefore effective) [ ] when Defendant's attorney signed and returned the acceptance of service.").

### B.    Venue.

12.    For removal purposes, venue is proper in Western District of Washington at Seattle because this is the District Court of the United States for the District encompassing the court where the action is pending.

### C.    Intradistrict Assignment.

13.    Pursuant to LCR 3(e), this action should be assigned to the Seattle Division of this Court because the action is pending in King County, and a substantial part of the alleged events or omissions giving rise to the claims occurred in King County.  *See*, *e.g.*, Complaint and Amended Complaint.

NOTICE OF REMOVAL - 3
No. 2:18-cv-01617

**WINTERBAUER & DIAMOND** PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440

**D.      Notice to Adverse Parties and State Court.**

14.     Pursuant to 28 U.S.C. §1446(d), Microsoft will promptly serve a written notice of filing of this Notice of Removal on all parties, and will promptly file a copy of this Notice of Removal with the Superior Court of the State of Washington for King County.

**E.      Jury Demand**

15.     No demand for jury has been served or filed by either party in the State Court Action.

**F.      State Court Records.**

16.     Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all of the process, pleadings, orders, and documents from the State Court action which have been served upon Microsoft are attached at Exhibit 2.

17.     Pursuant to LCR 101(c), Microsoft will file true and complete copies of all other documents on file in the State Court Action, if any, as well as a certification that the copies are true and correct, within 14 days of the filing of this Notice of Removal.

**CONCLUSION**

WHEREFORE, Microsoft respectfully requests that the State Court Action now pending against it in the Superior Court of the State of Washington for King County be removed to this Court.

DATED this 6th day of November, 2018

By: s/Kenneth J. Diamond
Kenneth J. Diamond, WSBA #27009
WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, WA  98101
Phone:  206-676-8440  Fax: 206-676-8441
mail@winterbauerdiamond.com
Attorneys for Defendant Microsoft Corporation

NOTICE OF REMOVAL - 4
No. 2:18-cv-01617

WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

I hereby certify that on November 6, 2018, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following:

Gail L. Luhn
LUHN LAW PLLC
4500 9th Ave NE, Suite 300
Seattle, WA 98105
Gail.Luhn@LuhnLawPLLC.com

DATED this 6th day of November, 2018.

s/ Adam Love
Adam Love
Legal Assistant
WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Phone:  206-676-8440
Fax:  206-676-8441
mail@winterbauerdiamond.com

WINTERBAUER & DIAMOND PLLC

1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Telephone:  (206) 676-8440

NOTICE OF REMOVAL - 5
No. 2:18-cv-01617

# EXHIBIT 1

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR KING COUNTY AT KENT

| | |
|---|---|
| SUNDAY TOLLEFSON, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington State For-Profit Corporation, **and SUDEV MUTHYA, Individually and as a Manager of Microsoft, and JOHN DOE #1, Individually.**<br><br>**Defendants**. | Cause No. 18-2-22507-8<br><br>**FIRST AMENDED COMPLAINT** |

I.      PARTIES

1.1     Plaintiff, Sunday Tollefson, is an individual residing in Bellevue, King County, State of Washington.

1.2     Defendant, Microsoft Corporation, is a corporation duly formed under the laws of the State of Washington, and its principle place of business is located at One Microsoft Way, Redmond, King County, Washington.

1.3     **Defendant, Sudev Muthya, is an individual residing in Bellevue, King County, Washington, and at all times relevant hereto was a Manager at Microsoft Corporation.**

**FIRST AMENDED** COMPLAINT FOR DAMAGES –
Page 1
Cause No. 18-2-22507-8

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

1.4    **Defendant, John Doe #1, is an individual residing in King County, Washington, and at all times relevant hereto was an employee at Microsoft Corporation.**

II.     JURISDICTION AND VENUE

2.1    All or a substantial portion of the facts complained of herein occurred in King County, Washington.

2.2    At all times relevant to this Complaint, Microsoft Corporation conducted business in King County, Washington**, and defendants Sudev Muthya and John Doe #1 resided and/or were employed at Microsoft Corporation in King County, Washington**.

2.3    Plaintiff has exhausted her administrative remedies by filing a complaint with the Washington State Human Rights Commission and the U.S. Equal Employment Opportunity Commission on September 3, 2015. The complaint was investigated by the WSHRC until it transferred the complaint to the EEOC for further investigation on March 19, 2018. On June 11, 2018, the EEOC issued a Notice of Right to Sue in favor of Plaintiff and this Complaint is properly filed within ninety (90) days of the issuance of the Notice of Right to Sue.

2.4    Jurisdiction and venue in this court are, therefore, proper.

III.     FACTUAL ALLEGATIONS

3.1    Defendant Microsoft Corporation employs more than 35,000 employees in Washington State.

3.2    Tollefson holds a Master's in Business Administration from Carnegie Mellon University and was hired by Microsoft on September 3, 2013, Business Program Manager in Microsoft's Marketing & Operations (M&O) organization, within M&O's Worldwide Incentive Compensation (WWIC) team; Defendant knew it was a "stretch" position outside of Tollefson's prior experience, but she accepted the position after being assured she would soon be transferred to a more appropriate position.

3.3    Tollefson's direct supervisor was Sudev Muthya. She was interviewed and hired, however, by Chris Morhardt, who managed Mr. Muthya and was Tollefson's "skip-level" manager.

**FIRST AMENDED** COMPLAINT FOR DAMAGES –
Page 2
Cause No. 18-2-22507-8

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

3.4    At the time she was hired, Tollefson had two female coworkers. Shortly after Muthya was hired, both of these female coworkers left the group on account of Muthya's aggressive and misogynistic management. Another female was not hired into the group until nearly a year later.

3.5    On or about July 2014, at a company-sponsored event, a colleague, **JOHN DOE #1,** aggressively grabbed Tollefson by the neck and "shoved his tongue down [her] throat." She reported this assault to Eunice Lunde (Human Resources). Her report was investigated, her complaint was substantiated, and she was told that the employee was disciplined for "unwanted physical contact." Microsoft did not offer any services to help her cope with this event.

3.6    During Tollefson's tenure at Microsoft, she was constantly berated and belittled by Muthya when her male coworkers were not subjected to such harsh treatment. She was not permitted the same latitude to conduct meetings from home as male employees, she was criticized when, as a single mother, she was criticized when she had to miss work to care for her son when he was ill or had extra-curricular activities, but male employees were not criticized for taking time off for their childrens' sports events, illnesses or activities, she was given approval to maintain hours that allowed her to use the Connector bus from her Bothell home, and then was punished for not attending meetings when she used that service, and more.

3.7    Tollefson was treated even more harshly after reporting the sexual assault described in ¶ 3.4 above.

3.8    Muthya subjected Tollefson to unfair and even false employment reviews, and finally – without mentioning it or drawing it to her attention – "checked a box" indicating that Tollefson had provided "insufficient results." Tollefson was not aware that a box had been falsely and maliciously checked by Muthya, and that this communicated to HR and higher management that "she had delivered an unacceptable level of performance for the role in the

**FIRST AMENDED** COMPLAINT FOR DAMAGES –
Page 3
Cause No. 18-2-22507-8

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

prior several months and that her performance required immediate, significant, and sustained improvement" (which she disputes).

3.9    Muthya's evaluations and management of Tollefson's performance were false, derogatory and intended to "manage her out" of her job and cause her termination when he knew or should have known that no "cause" existed; at all times relevant to this Complaint, Tollefson capably, competently and enthusiastically performed her job duties.

3.10    Tollefson's job performance is irrelevant to whether she suffered harassment, discrimination and/or retaliation on account of her sex/gender or marital status.

3.11    As a result of her sexual assault and the harassing and demeaning treatment she received from Muthya, and his false performance evaluations, Tollefson sustained financial loss, suffered severe emotional distress, and was ultimately terminated from her position with Microsoft.

3.12    Tollefson's employment was terminated by Microsoft on March 3, 2015, with the qualifier that she was "ineligible for rehire" in any capacity, forever:

"In terms of 'ineligible for rehire':

- Ineligible for future regular Microsoft employment (in any capacity)
- Ineligible for future assignment as an agency temporary worker at Microsoft
- Ineligible to work at Microsoft or have access to the Microsoft network as a vendor or contractor or as an employee of a vendor or contractor"

3.13    The terms of her termination have unduly limited prospects for future employment and have damaged her reputation in the marketplace, particularly by preventing her from working for a large class of employers.

IV.    CAUSES OF ACTION

A.    FIRST CAUSE OF ACTION: GENDER DISCRIMINATION

4.1    Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 3.12 as if set forth here in full.

**FIRST AMENDED** COMPLAINT FOR DAMAGES –
Page 4
Cause No. 18-2-22507-8

4.2    Defendant knew or should have known that Muthya was engaging in severe and pervasive harassment of Plaintiff on account of her sex and gender, creating a hostile environment for her and other female employees.

4.3    Defendant knew or should have known that Muthya fabricated her employment evaluations and reviews that led to termination of her employment.

4.3    Defendant, the actions of its Manager, Sudev Muthya, treated Plaintiff in a disparate manner from male employees, and her gender/sex was a substantial motivating factor in that treatment

4.3    These actions alleged herein violated RCW 49.60, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees and actual costs of litigation.

4.4    The actions complained of herein violated Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, codified at 42 USC § 2000e, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

## V.    SECOND CAUSE OF ACTION – WRONGFUL TERMINATION

5.1    Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 4.4 as if set forth here in full.

5.2    Defendant, by the actions of its Manager, Sudev Muthya, falsely evaluated Plaintiff's performance, leading to her termination and ban from any employment with Defendant, directly or indirectly, *ad infinitum*.

5.3    These actions alleged herein violated RCW 49.60, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees and actual costs of litigation.

5.4    The actions complained of herein violated Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, codified at 42 USC § 2000e, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

//

**FIRST AMENDED** COMPLAINT FOR DAMAGES – Page 5
Cause No. 18-2-22507-8

LUHN LAW PLLC
4500 9th Ave NE, Suite 300
Seattle, WA 98105
Tel: (206) 569-0071 Fax: (206) 569-0072

## VI.    THIRD CAUSE OF ACTION – MARITAL STATUS DISCRIMINATION

6.1    Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 5.4 as if set forth here in full.

6.2    Defendant, by the actions of its Manager Muthya, evaluated Plaintiff more harshly than married employees with children, unfairly afforded married employees with children opportunities and resources that she was denied, and unfairly accused Plaintiff of having inadequate commitment to Defendant when she had to care for her child in emergencies, all on account of her status as a female single mother.

6.3    These actions alleged herein violated RCW 49.60, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees and actual costs of litigation.

6.4    The actions complained of herein violated Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, codified at 42 USC § 2000e, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

## VII.    FOURTH CAUSE OF ACTION – HOSTILE WORK ENVIRONMENT

7.1    Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 6.4 as if set forth here in full.

7.2    Plaintiff was intentionally subjected to a toxic and hostile work environment based on her sex, gender and/or marital status (unmarried single mother) that was intended to and did cause her severe emotional distress, thereby entitling her to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

## VIII.    FIFTH CAUSE OF ACTION – WRONGFUL TERMINATION
IN VIOLATION OF PUBLIC POLICY

8.1    Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 7.2 as if set forth here in full.

//

//

**FIRST AMENDED** COMPLAINT FOR DAMAGES –
Page 6
Cause No. 18-2-22507-8

LUHN LAW PLLC
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

8.2     Plaintiff was terminated from employment in contravention of public policies prohibiting sex, gender and marital status discrimination, thereby entitling her to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

IX.     **CAUSES OF ACTION AGAINST INDIVIDUAL DEFENDANTS MUTHYA AND DOE.**

**9.1     Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 8.2 as if set forth here in full.**

**9.2     The actions alleged herein against defendant Muthya constitute tortious interference with a business expectancy.**

**9.3     Defendant Muthya is jointly and severally liable for violations of state and federal statutes and common law claims alleged against Microsoft Corporation herein.**

**9.4     The actions alleged herein committed by defendant John Doe #1 constitute the torts of assault, battery, and or sexual assault.**

**9.5     Plaintiff was damaged by the actions of defendant Muthya and is entitled to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.**

**9.6     Plaintiff was damaged by the actions of defendant Doe #1 and is entitled to recovery of general and special damages and taxable costs and fees pursuant to state law.**

X.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.     Total damages in excess of the jurisdictional limits of the court;

B.     Damages for back pay and benefits lost and for future pay and benefits lost;

C.     Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

D.     Prejudgment interest in an amount to be determined at trial;

E.     Compensation for any tax penalty associated with a recovery of damages;

F.     Reasonable prevailing party attorney's fees and actual costs of litigation;

**FIRST AMENDED** COMPLAINT FOR DAMAGES –
Page 7
Cause No. 18-2-22507-8

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA 98105
Tel: (206) 569-0071 Fax: (206) 569-0072

G.  Taxable costs and fees otherwise recoverable by statute or court rule; and

H.  Any and all other relief to which the court may find her entitled.

Respectfully submitted this Monday, November 05, 2018.

LUHN LAW, PLLC


By:  _s/ Gail M. Luhn_____
GAIL M. LUHN, WSBA #27104
Attorney for Plaintiff, Sunday Tollefson

**FIRST AMENDED** COMPLAINT FOR DAMAGES –
Page 8
Cause No. 18-2-22507-8

LUHN LAW PLLC
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

FILED

18 SEP 10 PM 1:22

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-22507-8 SEA

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR KING COUNTY AT KENT

| | |
|---|---|
| SUNDAY TOLLEFSON, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington State For-Profit Corporation,<br><br>Defendant. | Cause No.<br><br>COMPLAINT FOR DAMAGES |

## I.      PARTIES

1.1      Plaintiff, Sunday Tollefson, is an individual residing in Bellevue, King County, State of Washington.

1.2      Defendant, Microsoft Corporation, is a corporation duly formed under the laws of the State of Washington, and its principle place of business is located at One Microsoft Way, Redmond, King County, Washington.

## II.      JURISDICTION AND VENUE

2.1      All or a substantial portion of the facts complained of herein occurred in King County, Washington.

2.2      At all times relevant to this Complaint, Microsoft Corporation conducted business in King County, Washington.

COMPLAINT FOR DAMAGES – Page 1
Cause No.

2.3     Plaintiff has exhausted her administrative remedies by filing a complaint with the Washington State Human Rights Commission and the U.S. Equal Employment Opportunity Commission on September 3, 2015. The complaint was investigated by the WSHRC until it transferred the complaint to the EEOC for further investigation on March 19, 2018. On June 11, 2018, the EEOC issued a Notice of Right to Sue in favor of Plaintiff and this Complaint is properly filed within ninety (90) days of the issuance of the Notice of Right to Sue.

2.4     Jurisdiction and venue in this court are, therefore, proper.

III.     FACTUAL ALLEGATIONS

3.1     Defendant Microsoft Corporation employs more than 35,000 employees in Washington State.

3.2     Tollefson holds a Master's in Business Administration from Carnegie Mellon University and was hired by Microsoft on September 3, 2013, Business Program Manager in Microsoft's Marketing & Operations (M&O) organization, within M&O's Worldwide Incentive Compensation (WWIC) team; Defendant knew it was a "stretch" position outside of Tollefson's prior experience, but she accepted the position after being assured she would soon be transferred to a more appropriate position.

3.3     Tollefson's direct supervisor was Sudev Muthya. She was interviewed and hired, however, by Chris Morhardt, who managed Mr. Muthya and was Tollefson's "skip-level" manager.

3.4     At the time she was hired, Tollefson had two female coworkers. Shortly after Muthya was hired, both of these female coworkers left the group on account of Muthya's aggressive and misogynistic management. Another female was not hired into the group until nearly a year later.

3.5     On or about July 2014, at a company-sponsored event, a colleague aggressively grabbed Tollefson by the neck and "shoved his tongue down [her] throat." She reported this assault to Eunice Lunde (Human Resources). Her report was investigated, her complaint was

LUHN LAW PLLC
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

1   substantiated, and she was told that the employee was disciplined for "unwanted physical

2   contact." Microsoft did not offer any services to help her cope with this event.

3         3.6    During Tollefson's tenure at Microsoft, she was constantly berated and belittled

4   by Muthya when her male coworkers were not subjected to such harsh treatment. She was not

5   permitted the same latitude to conduct meetings from home as male employees, she was

6   criticized when, as a single mother, she was criticized when she had to miss work to care for

7   her son when he was ill or had extra-curricular activities, but male employees were not

8   criticized for taking time off for their childrens' sports events, illnesses or activities, she was

9   given approval to maintain hours that allowed her to use the Connector bus from her Bothell

10   home, and then was punished for not attending meetings when she used that service, and

11   more.

12         3.7    Tollefson was treated even more harshly after reporting the sexual assault

13   described in ¶ 3.4 above.

14         3.8    Muthya subjected Tollefson to unfair and even false employment reviews, and

15   finally – without mentioning it or drawing it to her attention – "checked a box" indicating that

16   Tollefson had provided "insufficient results." Tollefson was not aware that a box had been

17   falsely and maliciously checked by Muthya, and that this communicated to HR and higher

18   management that "she had delivered an unacceptable level of performance for the role in the

19   prior several months and that her performance required immediate, significant, and sustained

20   improvement" (which she disputes).

21         3.9    Muthya's evaluations and management of Tollefson's performance were false,

22   derogatory and intended to "manage her out" of her job and cause her termination when he

23   knew or should have known that no "cause" existed; at all times relevant to this Complaint,

24   Tollefson capably, competently and enthusiastically performed her job duties.

25         3.10    Tollefson's job performance is irrelevant to whether she suffered harassment,

26   discrimination and/or retaliation on account of her sex/gender or marital status.

27   //

COMPLAINT FOR DAMAGES – Page 3
Cause No.

LUHN LAW PLLC
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

3.11    As a result of her sexual assault and the harassing and demeaning treatment she received from Muthya, and his false performance evaluations, Tollefson sustained financial loss, suffered severe emotional distress, and was ultimately terminated from her position with Microsoft.

3.12    Tollefson's employment was terminated by Microsoft on March 3, 2015, with the qualifier that she was "ineligible for rehire" in any capacity, forever:

"In terms of 'ineligible for rehire':

- Ineligible for future regular Microsoft employment (in any capacity)
- Ineligible for future assignment as an agency temporary worker at Microsoft
- Ineligible to work at Microsoft or have access to the Microsoft network as a vendor or contractor or as an employee of a vendor or contractor"

3.13    The terms of her termination have unduly limited prospects for future employment and have damaged her reputation in the marketplace, particularly by preventing her from working for a large class of employers.

## IV.    CAUSES OF ACTION

### A.    FIRST CAUSE OF ACTION: GENDER DISCRIMINATION

4.1    Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 3.12 as if set forth here in full.

4.2    Defendant knew or should have known that Muthya was engaging in severe and pervasive harassment of Plaintiff on account of her sex and gender, creating a hostile environment for her and other female employees.

4.3    Defendant knew or should have known that Muthya fabricated her employment evaluations and reviews that led to termination of her employment.

4.3    Defendant, the actions of its Manager, Sudev Muthya, treated Plaintiff in a disparate manner from male employees, and her gender/sex was a substantial motivating factor in that treatment

COMPLAINT FOR DAMAGES – Page 4
Cause No.

4.3     These actions alleged herein violated RCW 49.60, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees and actual costs of litigation.

4.4     The actions complained of herein violated Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, codified at 42 USC § 2000e, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

## V.     SECOND CAUSE OF ACTION – WRONGFUL TERMINATION

5.1     Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 4.4 as if set forth here in full.

5.2     Defendant, by the actions of its Manager, Sudev Muthya, falsely evaluated Plaintiff's performance, leading to her termination and ban from any employment with Defendant, directly or indirectly, *ad infinitum*.

5.3     These actions alleged herein violated RCW 49.60, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees and actual costs of litigation.

5.4     The actions complained of herein violated Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, codified at 42 USC § 2000e, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

## VI.     THIRD CAUSE OF ACTION – MARITAL STATUS DISCRIMINATION

6.1     Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 5.4 as if set forth here in full.

6.2     Defendant, by the actions of its Manager Muthya, evaluated Plaintiff more harshly than married employees with children, unfairly afforded married employees with children opportunities and resources that she was denied, and unfairly accused Plaintiff of having inadequate commitment to Defendant when she had to care for her child in emergencies, all on account of her status as a female single mother.

COMPLAINT FOR DAMAGES – Page 5
Cause No.

**LUHN LAW PLLC**
4500 9ᵗʰ Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

6.3     These actions alleged herein violated RCW 49.60, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees and actual costs of litigation.

6.4     The actions complained of herein violated Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, codified at 42 USC § 2000e, *et seq.*, entitling Plaintiff to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

VII.     FOURTH CAUSE OF ACTION – HOSTILE WORK ENVIRONMENT

7.1     Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 6.4 as if set forth here in full.

7.2     Plaintiff was intentionally subjected to a toxic and hostile work environment based on her sex, gender and/or marital status (unmarried single mother) that was intended to and did cause her severe emotional distress, thereby entitling her to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

VIII.     FIFTH CAUSE OF ACTION – WRONGFUL TERMINATION
IN VIOLATION OF PUBLIC POLICY

8.1     Plaintiff realleges and incorporates herein the allegations of ¶¶ 1.1 – 7.2 as if set forth here in full.

8.2     Plaintiff was terminated from employment in contravention of public policies prohibiting sex, gender and marital status discrimination, thereby entitling her to recovery of general and special damages, attorney's fees, actual costs of litigation, and punitive damages.

IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.  Total damages in excess of the jurisdictional limits of the court;

B.  Damages for back pay and benefits lost and for future pay and benefits lost;

C.  Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

D.  Prejudgment interest in an amount to be determined at trial;

COMPLAINT FOR DAMAGES – Page 6
Cause No.

E.  Compensation for any tax penalty associated with a recovery of damages;

F.  Reasonable prevailing party attorney's fees and actual costs of litigation;

G.  Taxable costs and fees otherwise recoverable by statute or court rule; and

H.  Any and all other relief to which the court may find her entitled.


Respectfully submitted this Monday, September 10, 2018.

LUHN LAW, PLLC


By:  *s/ Gail M. Luhn*
GAIL M. LUHN, WSBA #27104
Attorney for Plaintiff, Sunday Tollefson

COMPLAINT FOR DAMAGES – Page 7
Cause No.

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

# EXHIBIT 2

FILED

18 SEP 10 PM 1:22

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-22507-8 SEA

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY AT SEATTLE

9

10

| | |
|---|---|
| SUNDAY TOLLEFSON, a single woman, | Cause No. |
| Plaintiff, | SUMMONS (20-Day) |
| v. | |
| MICROSOFT CORPORATION, a Washington State For-Profit Corporation, | |
| Defendant. | |

11

12

13

14

15

16   TO:         MICROSOFT CORPORATION, a Washington State For-Profit Corporation.

17          A lawsuit has been started against MICROSOFT CORPORATION in the above-entitled

18   court by Sunday Tollefson. Plaintiff's claims are stated in the written complaint, a copy of

19   which is served upon you with this summons.

20          In order to defend against this lawsuit, you must respond to the complaint by stating

21   your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff

22   within 20 days after the service of this summons, excluding the day of service, if served

23   within the State of Washington (or within 60 days after service of this summons, if served

outside the State of Washington), or a default judgment may be entered against you without

**SUMMONS** – Page 1
Cause No.

notice. A default judgment is one where plaintiff is entitled to what it asks for in its Complaint because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the plaintiff by serving plaintiff's attorney. Within fourteen (14) days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 10th day of September 2018.

LUHN LAW, PLLC


By: ____*Gail M. Luhn*_____
Gail M. Luhn, WSBA #27104
Attorney for Plaintiff, Sunday Tollefson

**SUMMONS** – Page 2
Cause No.

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072

FILED

18 SEP 10 PM 1:22

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-22507-8 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| SUNDAY TOLLEFSON | NO.  18-2-22507-8 SEA |
| VS | |
| MICROSOFT CORPORATION | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

CAUSE OF ACTION

**(MSC) -**    OTHER COMPLAINT/PETITION (MSC 2)

AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| SUNDAY TOLLEFSON | NO.   18-2-22507-8 SEA |
| Plaintiff(s), | ORDER SETTING CIVIL CASE SCHEDULE |
| vs. | |
| | ASSIGNED JUDGE:  Bradshaw, Timothy A., Dept. 1 |
| MICROSOFT CORPORATION | |
| Respondent(s) | FILED DATE:  9/10/2018 |
| | TRIAL DATE:  9/9/2019 |
| | SCOMIS CODE:  *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**  The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.***  Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion.  The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

| | |
|---|---|
| Gail M. Luhn | |
| PRINT NAME | SIGN NAME |

**I. NOTICES  (continued)**

**NOTICE  TO ALL PARTIES:**
All attorneys and parties should make themselves familiar  with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will  be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,  discovery must be undertaken promptly in order to comply  with the deadlines for joining additional parties, claims,  and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS,  COUNTERCLAIMS  AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation  of Joinder, Claims  and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule.  The court will  review the confirmation  of joinder document to determine  if a hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil  Judge.

**PENDING  DUE DATES  CANCELED BY FILING  PAPERS THAT RESOLVE  THE CASE:**
When a final decree, judgment,  or order of dismissal of all parties and claims  is filed with the Superior Court Clerk's Office,  and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1)  file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

 Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing  a *Notice of Settlement* pursuant to KCLCR  41, and forwarding  a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims  is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk  is authorized by KCLCR  41(b)(2)(A)  to present an *Order of Dismissal*, without notice, for failure  to appear at the scheduled Trial Date.

**NOTICES  OF APPEARANCE  OR WITHDRAWAL  AND ADDRESS  CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,  parties must provide the assigned judge with a courtesy copy.

 **ARBITRATION  FILING  AND TRIAL DE NOVO POST ARBITRATION  FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration**  and service of the original complaint and all answers to claims,  counterclaims and cross-claims have been filed.  If mandatory arbitration  is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party  filing a Statement must pay a $220 arbitration  fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's  Office Cashiers.

**NOTICE  OF NON-COMPLIANCE  FEES:**
All parties will  be assessed a fee authorized by King County Code 4A.630.020  whenever the Superior Court Clerk  must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available  for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 9/10/2018 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 2/19/2019 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 2/19/2019 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 3/4/2019 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)] | 4/8/2019 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [KCLCR 26(k)] | 5/20/2019 |
| | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)] | 6/3/2019 |
| | **DEADLINE** for Change in Trial Date [See KCLCR 40(e)(2)] | 6/3/2019 |
| | **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)] | 7/22/2019 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 8/12/2019 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 8/19/2019 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 8/19/2019 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 8/26/2019 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 9/3/2019 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 9/3/2019 |
| | Trial Date [See KCLCR 40] | 9/9/2019 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   9/10/2018

PRESIDING JUDGE

### IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

### MOTIONS PROCEDURES

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the

Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents:** **All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS  OF THIS ORDER MAY RESULT IN DISMISSAL  OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER  SHALL FORWARD A COPY OF THIS ORDER AS SOON  AS PRACTICABLE TO ANY PARTY WHO HAS NOT  RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY AT SEATTLE

| | |
|---|---|
| SUNDAY TOLLEFSON, a single woman,<br><br>                    Plaintiff,<br><br>              v.<br><br>MICROSOFT CORPORATION, a Washington State For-Profit Corporation,<br><br>                    Defendant. | Cause No. 18-2-22507-8 SEA<br><br>DECLARATION OF KENNETH DIAMOND RE ACCEPTANCE OF SERVICE |

Comes Kenneth J. Diamond of WINTERBAUER & DIAMOND, PLLC, and states as follows:

1.      I am over the age of majority, am competent to testify, and except as otherwise indicated, I make the following statements based upon my own personal knowledge and belief.

2.      I have been retained to represent Microsoft Corporation in defense of plaintiff's claims against it in this matter.

3.      On or about October 9, 2018, I sought and obtained authority to accept service of process on behalf of Microsoft Corporation.

4.      On or about October 9, 2018, I communicated to counsel for plaintiff, Gail M. Luhn of LUHN LAW, PLLC, that I had received authority to accept service of process on behalf of defendant Microsoft Corporation via electronic delivery, including by email.

DECLARATION OF KENNETH DIAMOND
RE ACCEPTANCE OF SERVICE – Page 1
Cause No. 18-2-22507-8 SEA

**LUHN LAW PLLC**
4500 9th Ave NE, Suite 300
Seattle, WA  98105
Tel: (206) 569-0071 Fax: (206) 569-0072
Email: gail.luhn@luhnlawpllc.com

5.    On October 22, 2018, I received the following documents via electronic delivery:

    a.    Complaint for Damages;

    b.    Summons;

    c.    Case Confirmation Cover Sheet and Area Designation; and

    d.    Order Setting Civil Case Schedule.

6.    I acknowledge and agree that I have received and accepted service of process in this matter on behalf of and as authorized by Microsoft Corporation.

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this _____ day of October 2018.

WINTERBAUER & DIAMOND PLLC

By: _____
Kenneth J. Diamond, WSBA #14056
1200 Fifth Avenue, Suite 1700
Seattle, WA  98101
206-676-8440
206-676-8441 (fax)
Email: ken@winterbauerdiamond.com

DECLARATION OF KENNETH DIAMOND
RE ACCEPTANCE OF SERVICE – Page 2
Cause No. 18-2-22507-8 SEA

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sunday Tollefson

**DEFENDANTS**
Microsoft Corporation, Sudev Muthya, and John Doe #1

**(b)** County of Residence of First Listed Plaintiff     King
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     King
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gail L. Luhn, Luhn Law PLLC
4500 9th Ave. NE, Ste. 300, Seattle, WA 98105
(206) 569-0071

Attorneys *(If Known)*
Attorneys for Microsoft Corporation:
Kenneth J. Diamond, Winterbauer & Diamond, PLLC
1200 Fifth Ave., Ste. 1700, Seattle, WA 98101, (206) 676-8440

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq.
Brief description of cause:
Alleged gender discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:     ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____     DOCKET NUMBER _____

DATE
11/06/2018

SIGNATURE OF ATTORNEY OF RECORD
s/ Kenneth J. Diamond

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____